NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ALEXANDER DIMITRI LASCARIS, an individual, *f/k/a* JIM DIMITRI NIKOLAKAKOS, | : : : : | |
| Plaintiff, | : : | Civil Action No. 03-2172 (JAG) |
| v. | : : | |
| GRIFFIN INVESTIGATIONS, INC., a Nevada corporation, CVI, LLC, a Nevada limited liability company, and VIISAGE Technology, Inc. | : : : : : | **OPINION** |
| Defendants. | : : | |

This matter comes before the Court on the motion of Plaintiff Alexander Dimitri Lascaris, formerly known as Jim Dimitri Nikolakakos, for leave to file a Second Amended Complaint, pursuant to FED. R. CIV. P. 15(a), asserting claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 ("FCRA"), against remaining Defendants Griffin Investigations, Inc. ("Griffin") and CVI, LLC ("CVI"), and a common law defamation claim against Griffin. For the reasons set forth below, this motion will be denied.

## BACKGROUND

Plaintiff commenced this action with the filing of a Complaint on May 13, 2003. On September 22, 2003, after Defendant Viisage Technology, Inc. answered Plaintiff's initial Complaint, Plaintiff filed a First Amended Complaint.[1]

---

[1] Defendant Viisage filed and served an Answer to the Complaint on or about July 8, 2003. Plaintiff cross-moved for leave to file an Amended Complaint against Defendant Viisage. Defendant Viisage filed no papers in opposition to the cross-motion.

Plaintiff's First Amended Complaint alleged violations of the FCRA, the New Jersey Fair Credit Reporting Act ("NJFCRA"), N.J. STAT. ANN. § 56:11-28 et seq. (West 1997), and common law claims of defamation, invasion of privacy and emotional distress.  In January and March of 2004, Defendants Viisage Technology, Inc., CVI, LLC, and Griffin Investigations, Inc., moved to dismiss Plaintiff's First Amended Complaint, pursuant to FED. R. CIV. P. 12(b)(6).  On November 22, 2004, this Court held oral argument on those motions and, on December 16, 2004, granted Defendants' motions to dismiss Plaintiff's claims under the FCRA and the NJFCRA without prejudice.  On December 16, 2004, Plaintiff voluntarily withdrew his claims alleging intentional infliction of emotional distress and invasion of privacy, pursuant to FED. R. CIV. P. 41(a).  No counts in this action remain against Defendant Viisage, and there are no allegations raised against Defendant Viisage in the proposed Second Amended Complaint.

On January 14, 2005, Defendant Griffin answered the defamation claim in the First Amended Complaint.  Plaintiff then appealed to the Court by letter, requesting permission to file a Second Amended Complaint.

In the proposed Second Amended Complaint, Plaintiff seeks 1) to reinstate claims that Defendants Griffin and CVI are consumer reporting agencies and that their reports are consumer reports under the FCRA and 2) to amend the defamation claim asserted against Defendant Griffin.

**LEGAL STANDARD**

Pursuant to FED. R. CIV. P. 15(a), once a response to a party's pleading is served, that pleading may be amended only by leave of court or by written consent of the adverse party.  Rule 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires."

2

FED. R. CIV. P. 15(a).  A general presumption exists in favor of allowing a party to amend its pleadings.  See Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 938 (3d Cir.), cert. denied, 469 U.S. 871 (1984) (citing Forman v. Davis, 371 U.S. 178, 182 (1962)).  Leave to amend a complaint should be granted freely in the absence of undue delay or bad faith on the part of the movant as long as the amendment would not be futile and the opposing party would not suffer undue prejudice.  See Foman v. Davis, 371 U.S. 178, 182 (1962); Adams v. Gould Inc., 739 F.2d 858, 864 (3d Cir. 1984), cert. denied, 469 U.S. 1122 (1985).  "[A] refusal of a motion for leave to amend must be justified."  Riley v. Taylor, 62 F.3d 86, 90 (3d Cir. 1995).

The Third Circuit has identified the following as permissible justifications: "(1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposition; (4) repeated failures to correct deficiencies with previous amendments; and (5) futility of the amendment."  Id. at 90 (citing Conley v. Gibson, 355 U.S. 41, 48 (1957)).  "Amendment of the complaint is futile if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss."  Jablonski v. Pan American World Airways, Inc., 863 F.2d 289, 292 (3d Cir. 1988).  See also Lake v. Arnold, 232 F.3d 360, 373 (3d Cir. 2000).

## DISCUSSION

Plaintiff's proposed Second Amended Complaint states two counts.  Plaintiff reasserts claims against Defendants Griffin and CVI under the FCRA.  (Sec. Am. Compl. ¶¶ 20-22; 28-31; 35-36.)  Plaintiff also supplements his allegation of defamation against Defendant Griffin.  (Sec. Am. Compl. ¶¶ 20-22; 28-31; 35-36; 93; 95-97.)

**I.      Amending the FCRA Claims**

     **A.      Applicability of the FCRA**

Plaintiff seeks to re-introduce claims that this Court dismissed in its December 2, 2004 Opinion ("December Opinion"), which discussed at length the inapplicability of the FCRA to the facts alleged by Plaintiff. In that Opinion, this Court held that Plaintiff failed to state any valid claim for relief under the FCRA. Neither the FCRA nor the basic factual allegations have changed since that Opinion was issued, and this Court will not repeat the December Opinion here.

Having conducted limited discovery, Plaintiff now seeks leave to file the Second Amended Complaint, presenting new allegations regarding how Plaintiff and associates, who were pejoratively referred to as "the Greeks," were mistreated and accused of using "palm-sized" computers and having a "small mirror" on the bill of baseball caps worn to commemorate the 1998 Superbowl championship. (Sec. Am. Compl. ¶¶ 67-70.)

Plaintiff also now contends that casinos are lending agencies because "[t]he vast majority of Subscribing Casinos[2] routinely lend money to their customers in the form of chips." (Sec. Am. Compl. ¶¶ 47.) Plaintiff argues that casinos extend credit to players in the course of their participation in games at the casinos. Plaintiff also alleges that players who are listed in Defendants' reports are disadvantaged when they seek to obtain credit from casinos. Plaintiff claims that the false accusations and allegations of criminal behavior and criminal records perpetrated in Defendants' reports harm such players' ability to obtain credit from casinos.

---

[2] The Second Amended Complaint defines "Subscribing Casinos" as those casinos that subscribe to Defendants' reports.

Plaintiff concedes that "[a] casino's concept of 'creditworthiness' is different from a bank's concept of 'creditworthiness.'" (Sec. Am. Compl. ¶48.)

Plaintiff's revised approach does not materially alter this Court's analysis, as explained in the December Opinion. This Court again finds that Plaintiff's proposed Second Amended Complaint fails to state a claim that Defendants are consumer reporting agencies under the statute. Moreover, Plaintiff has failed to state a claim under the FCRA because he still has not alleged that a casino denied him credit or employment.

There are no new factual allegations nor a new and valid legal predicate underlying Plaintiff's claims in the proposed Second Amended Complaint. The proposed Second Amended Complaint does not allege facts that state a valid claim under the FCRA. Rather, Plaintiff seeks an opportunity to re-litigate issues this Court settled in the December Opinion. Because this Court finds the claims in the proposed Second Amended Complaint bear the same deficiencies as the corresponding claims in the First Amended Complaint, the claims asserted under the FCRA in the proposed Second Amended Complaint fail to state a valid claim under the statute. The proposed Second Amended Complaint could not withstand a renewed motion to dismiss. Permitting Plaintiff to amend the Complaint as proffered would be futile, and therefore, this Court denies Plaintiff's motion for leave to file a Second Amended Complaint.

While Plaintiff is a pro se litigant, and courts tend to be lenient in permitting pro se litigants to amend complaints, Plaintiff is also a lawyer admitted to practice in New York. In addition, Plaintiff has filed two complaints in this action and the proposed Second Amended Complaint would be the third complaint. Permitting Plaintiff three complaints results in undue prejudice to the opposition. Because amendment is futile, and because Plaintiff has not shown

5

that amendment will allow him to correct the fatal deficiencies in his pleadings, and because of the prejudice Defendants will suffer if the Second Amended Complaint is permitted, this Court denies Plaintiff's motion for leave to file a Second Amended Complaint.

### B. The Case or Controversy Requirement

In addition, Plaintiff's motion to amend must be denied because the proposed Second Amended Complaint continues to fail to present a justiciable case or controversy. As this Court explained in the December Opinion, even if Plaintiff's allegations fell within the purview of the FCRA, Plaintiff's proposed Second Amended Complaint still alleges a hypothetical controversy rather than one that is actual and justiciable. Plaintiff has alleged nothing new in the amendments which, if true, shows an actual injury related to casino credit or employment.

Ripeness doctrine allows courts to determine whether a party has brought an action prematurely and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements for resolution in federal court. In determining whether a case is ripe, courts "evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." Abbott Labs. v. Gardner, 387 U.S. 136, 149 (1967).

In the December Opinion, this Court found that Plaintiff failed to establish an actual case or controversy because no injury had yet occurred. Plaintiff now argues that precedent supports finding a violation under the FCRA even if he has not applied for, or been denied, credit or employment. Plaintiff claims that the issue is "not how was the information used specifically with respect to the plaintiff", but rather "how [the information] is expected to be used or generally used or why is it collected to be used?" (Hr'g Tr. 21.) Plaintiff further argues that it is

"the fact of [Defendants] having compiled [the information]" to facilitate credit decisions by casinos that renders it subject to the FCRA. This weak attempt at an end run around the case or controversy requirement cannot succeed.

Without an injury in fact, Plaintiff has failed to show a justiciable case or controversy. "Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an 'injury in fact' – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (internal citations omitted). In the proposed Second Amended Complaint, Plaintiff alleges injuries to his credit and employment that are conjectural, not actual.

Plaintiff alleges no actual harm to his credit or employment resulting from Defendants' reports. In fact, Plaintiff could never apply for employment in a casino in New Jersey because he is neither a resident of the state of New Jersey nor a United States citizen. N.J.S.A. § 5:12-89(b)(4), 90(b).

Plaintiff's proposed Second Amended Complaint does not state an injury in fact and, on that basis alone, could not withstand a motion to dismiss. As such, it is futile to grant leave to amend.

**II.     Amending the Defamation Claims**

Plaintiff also seeks to amend his claim of defamation asserted against Defendant Griffin. Plaintiff's proposed amendment generally seeks to add more details to the allegations and to make clear the circumstances giving rise to the allegations that Defendant Griffin's reports contained information that is actionable.

This Court finds that the Plaintiff's claim as stated in the First Amended Complaint sets forth the allegation in its basic terms. Plaintiff's proposed amendments seek to add color in a manner that does not bolster pleading deficiencies, but add detail ferreted out during the discovery process. The addition of such detail does not materially alter this claim. The proposed amendments to the defamation claim are unnecessary, and permitting a plaintiff to amend the complaint to reflect the progress of discovery is contrary to the efficient administration of justice. Plaintiff will have ample opportunity to place on the record whatever additional information has been obtained through discovery that supports a judgment in Plaintiff's favor.

Defendant Griffin asserts numerous defenses against Plaintiff's motion to amend the defamation claim. This Court need not review the merits of these affirmative defenses in the resolution of this motion for leave to amend the complaint.

Plaintiff's motion for leave to amend the defamation claim against Defendant Griffin will be denied.

## CONCLUSION

For the reasons stated above, this Court concludes that further amendment of Plaintiff's First Amended Complaint is futile, unnecessary, and would result in prejudice to the opposition. Plaintiff's motion for leave to file a Second Amended Complaint is denied.

      S/Joseph A. Greenaway, Jr.
      JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated:   January 9, 2006